**GUTRIDE SAFIER LLP**
SETH A. SAFIER (State Bar No. 197427)
MARIE A. MCCRARY (State Bar No. 262670)
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 336-6545
Facsimile:  (415) 449-6469

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA VALENTINE as an individual, on behalf of herself, the general public and those similarly situated,<br><br>    Plaintiff,<br><br>        v.<br><br>HEARTWISE INCORPORATED D/B/A NATUREWISE AND HEARTWISE WONDER INCORPORATED.<br><br>    Defendant. | CASE NO.<br><br>CLASS ACTION COMPLAINT FOR VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT; FALSE ADVERTISING; FRAUD, DECEIT, AND/OR MISREPRESENTATION; UNFAIR BUSINESS PRACTICES; AND UNJUST ENRICHMENT<br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

1.      Plaintiff Martha Valentine ("Plaintiff" or "Ms. Valentine"), by and through her counsel, brings this class action against Defendant HeartWise Incorporated d/b/a NatureWise and HeartWise Wonder Incorporated, including its related entities (collectively "NatureWise" or "Defendant") to seek redress for Defendant's deceptive practices in labeling and marketing the NatureWise Curcumin dietary supplement (the "Product").

2.      Curcumin (a curcuminoid) is found in turmeric, a spice frequently used in Asian curries. Curcuminoids are purported to help with inflammation, are potent antioxidants, and may improve brain function. However, the amount of turmeric one would need to consume in order to get the positive benefits of curcuminoid consumption is upwards of ten grams. As a result, consumers take curcumin supplements to get the positive effects of curcuminoid consumption without having to ingest copious amount of turmeric, unusual in the Western diet.

3.      Defendant prominently label the front of its popular curcumin supplement as providing "2250 mg Per Day" of curcumin with the representation "90" or "180 VEGETARIAN CAPSULES." This representation leads reasonable consumers to believe that each of the 180 capsules contains 2250 mg of the curcumin supplement.

4.      However, upon closer inspection of the bottle, Defendant's Product does not contain 2250 mg of the curcumin supplement per capsule. The supplement actually requires *three* capsules to provide the advertised 2250 mg dosage, which means that each capsule contains only 750 mg of curcumin.

5.      Otherwise stated, Ms. Valentine received only a third of the amount of the supplement she intended to purchase based on the false and misleading statements on the front of the label. NatureWise intentionally fails to adequately disclose to consumers that more than one capsule is required to obtain the labeled dosage amount. As such, NatureWise's representations and omissions on the Product are false and misleading. Had Ms. Valentine had been aware of the truth regarding NatureWise's misrepresentations and omissions, she would not have purchased the supplement, or at the very least, would have paid less for it.

6.      Defendant's misrepresentations and mislabeling caused Plaintiff and members of

the proposed class to pay a price premium for the Product because they believed that they were

purchasing 3x as much of the supplement as they actually received.

**PARTIES**

7.     Martha Valentine ("Plaintiff") is, and at all times alleged in this Class Action

Complaint was, an individual and a resident of San Francisco, California (San Francisco County).

8.     Defendant HeartWise Incorporated d/b/a NatureWise and HeartWise Wonder

Incorporated, including its related entities (collectively "NatureWise" or "Defendant") is a

corporation existing under the laws of the Oregon, CA, having its principal place of business in

Costa Mesa, California.

**JURISDICTION AND VENUE**

9.     This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1332(d)(2). The aggregate amount in controversy exceeds $5,000,000, exclusive of

interest and costs; and at least one Plaintiff and Defendant are citizens of different states.

10.     The injuries, damages and/or harm upon which this action is based, occurred or

arose out of activities engaged in by Defendant within, affecting, and emanating from, the State

of California. Defendant regularly conducts and/or solicits business in, engages in other persistent

courses of conduct in, and/or derives substantial revenue from products provided to persons in the

State of California. Defendant has engaged, and continues to engage, in substantial and

continuous business practices in the State of California.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a

substantial part of the events or omissions giving rise to the claims occurred in the state of

California, including within this District.

12.     In accordance with California Civil Code Section 1780(d), Plaintiff concurrently

files herewith a declaration establishing that, at various times throughout the class period, she

purchased the Product from her home in San Francisco, CA from Amazon.com  (Plaintiff's

declaration is attached hereto as Exhibit A.)

13.     Plaintiff accordingly alleges that jurisdiction and venue are proper in this Court.

**SUBSTANTIVE ALLEGATIONS**

14.     Dietary supplements have become increasingly popular as the public has become more health conscious and aware of nutrition. Dietary supplements are a multi-billion dollar industry without the scrutiny and regulation of the pharmaceutical business. This allows manufacturers to make claims about the purported ability of their products to help with myriad health problems including: weight loss, removing toxins, improving focus and brain function, and reducing inflammation. Some of these claims are backed by clinical studies and others are more dubious.

15.     Defendant manufactures, distributes, markets, advertises, and sells various dietary supplements in the United States under the brand name "NatureWise." NatureWise states on its website "We make it our business to promote health and inspire wellbeing – for our customers, our planet, and people around the world. You can see it in our company values in the little things we do, every day."

16.     Defendant is a lifestyle brand, which connects with consumers in a less traditional way. Lifestyle brands sell an experience and communicate with consumers on an emotional level. NatureWise does this by making values claims like: "Live Healthy. Live Happy" and "Dear Body, I love you." It also includes its guiding principles in its mission statement including: "Honesty: Promote Clarity and Candor. Communicating honestly and clearly with ourselves and others in our words and actions."

17.     The site also communicates that the Products are natural, wholesome and honest by displaying scenes in nature, women in yoga poses, and healthy fruits alongside images of its supplements. These images and representations are designed to connect with consumers who are concerned about putting unnatural products in their bodies. The images are designed to equate consuming dietary supplements as something as natural as drinking coffee or a smoothie:

18.     Defendants sell dozens of products marketed under different categories such as "Daily Support," "Digestive Support," "Hair Skin & Nails," "Healthy Weight," "Ashwagandha Herbal Blends," "Vegan/Vegetarian" and "Bundles."

A.     **False Representations Regarding Dosage and Serving of Defendant's Curcumin Supplement.**

19.     As part of Defendant's "Stress & Memory Support" line of products, Defendant sells NatureWise Curcumin ("Curcumin Supplement"). The tag line states that it is "made with Organic Curcumin and 95% Curcuminoids." Defendant sells Curcumin Supplement in both the 90 and 180 capsule sizes.

20.     Defendant makes numerous representations about the purported benefits of its Curcumin Supplement, including: "Improve Cognition," "Support Cardiovascular Function," "Combat Degenerative Oxidative Stress," "Reduce Inflammation" and "Improve Joint Support." Adding that "Not All Curcumin Supplements are Created Equally":



21.     Defendant's packaging for its curcumin supplement states on the principal display panel of the Product label that it contains "2250 mg Per Day" and contains 90 or 180 capsules.

22.     The representation that the Product contains "2250 mg Per Day" and "90" or "180 VEGETARIAN CAPSULES" was uniformly communicated to Plaintiff and every other person who purchased any of the Products in California. This representation leads reasonable consumers to believe that each of the capsules contained 2250 mg of the curcumin supplement.  However, upon closer inspection of the bottle, Defendant reveals that three capsules must be consumed to

provide the stated 2250 mg *Per Day*. The same or substantially similar product label has appeared on each respective product during the entirety of the Class Period in the general form of the following example:[1]



**B.**     **Defendant Misleadingly Markets Its Curcumin Supplement to Increase Profits and Gain a Competitive Edge.**

23.     Curcumin (a curcuminoid) is naturally found in turmeric, a spice frequently used in Asian curries. However, the amount of turmeric one would need to consume in order to get the positive benefits associated with curcuminoid consumption could be as much as much as 10 grams. As a result, consumers take curcumin supplements to get the positive effects of

---

[1] As discussed below, Defendant may have started making changes to it Curcumin label following receipt of Plaintiff's CLRA letter. For example, it may have started to remove the "per day" statement from the front label panel of the Product. Even so, Plaintiff alleges that the labels still remain false, deceptive and/or misleading.

curcuminoid consumption without having to ingest copious amount of turmeric, unusual in the Western diet.

24.     The curcumin content of a dietary supplement is of material concern to consumers because the main purpose of purchasing a curcumin supplement is to avoid having to ingest a large quantity of turmeric and to ingest curcuminoids in a concentrated form.

25.     Defendant knew and intended that consumers would purchase, and pay a premium for, a supplement labeled as having a 2250 mg of curcumin per day, leading consumers to believe that by taking 1 capsule per day they would be able to get all the benefits of consuming a large dosage of curcumin.

26.     Further, in making false, misleading, and deceptive representations, Defendant distinguishes the Product from its competitors' products by leading consumers to believe that they are receiving 3x as much curcumin per bottle, at a given price, than an accurately labeled product.

**C.     <u>Defendant's Changed Curcumin Supplement Label and Other Dosage Claims Continues to Mislead Consumers.</u>**

27.     Defendant appears to have recently altered its label by changing its claim that the Product provides "2250 mg Per Serving" instead of "2250 mg Per Day":



1

2        28.     However, this representation does not cure the Defendant's misrepresentation.

3   That statement, in conjunction with the claim that the Product contains either "90" or "180

4   VEGETARIAN CAPSULES" on the front of the package, still leads reasonable consumers to

5   believe that a serving size is 1 capsule and that each capsule contains 2250 mg of curcumin.

6        29.     Defendant's other marketing materials continue to compound the deception. For

7   example, NatureWise's 90 capsule Product falsely states that the product contains 2250 mg per

8   serving and that there are 60 servings in a 90 capsule bottle:[2]

9

10

11

# CURCUMIN

Made with Organic Curcumin
and 95% Curcuminoids

- Organic turmeric with max potency curcumin extract standardized to 95% curcuminoids.

- Organic ginger root improves absorption and enhances the benefits of curcumin.

- BioPerine® black pepper extract shown to increase bioavailability of curcumin by 20x.



**Suggested Use:** Adults take 3 capsules daily with meals, or as recommended by your healthcare provider.◇

## Supplement Facts
Serving Size: 3 Vegetarian Capsules
Servings Per Container: 60

|  | Amount Per Serving | % Daily Value |
|---|---|---|
| **Proprietary Organic Curcumin Complex** Organic Turmeric Root *(Curcuma longa)*, Organic Curcumin extract standardized to 95% curcuminoids *(Curcuma longa)* (root) (includes curcumin, bisdemethoxycurcumin, and demethoxycurcumin) | 2250 mg | † |
| **Organic Ginger** *(Zingiber officinale)* (root) | 105 mg | † |
| **BioPerine® Black Pepper Extract** *(Piper nigrum)* (fruit) (standardized to contain 95% piperine) | 15 mg | † |
| † Daily Value not established. | | |

**Other Ingredients:** Pullulan (PlantCaps™ capsule), rice flour, organic rice bran extract.

**This Product Does Not Contain:** Wheat, gluten, dairy, corn, soy, eggs, tree nuts, peanuts, fish, or shellfish.

◇ NatureWise Curcumin should always be taken in conjunction with a healthy diet and regular exercise program.

BioPerine® is the registered trademark of Sabinsa Corporation protected by US and International Patents.

---

[2] *See, e.g.,* https://luxotia.com/products/naturewise-curcumin-turmeric-2250mg-2-month-supply-95-curcuminoids-bioperine-black-pepper-extract-advanced-absorption-for-cardiovascular-health-joint-support-gluten-free-non-gmo-180-count?variant=32159856459869&utm_medium=cpc&utm_source=google&utm_campaign=Google%20Shopping (last visited June 6, 2020).

30.     Moreover, the "per day" misrepresentation still appears on NatureWise's website as shown in the following screenshot:[3]



31.     Because consumers pay a price premium for curcumin supplements that do not require taking multiple capsules to reach the daily serving size, Defendant is able to both increase its sales and retain more profits. Consumers also pay a premium based on the total amount of curcumin that a bottle of curcumin supplement provides. Defendant's misleading representations and omissions, lead consumers to pay a premium for the Product because they falsely believe they are receiving three times as much curcumin as they actually receive in each bottle.

32.     Defendant engaged in the practices complained of herein to further their private interests of: (i) increasing sales of the Product while decreasing the sales of competitors, (ii) commanding a higher price for their Product because consumers will pay more for curcumin supplements that are in a concentrated form, and/or (3) commanding a higher price for their products because consumers believe they are receiving 3x as much of the curcumin as they actually receive.

33.     The market for supplement products is continuing to grow and expand, and because Defendant knows consumers rely on representations about the serving size of the Product, Defendant has an incentive to continue to make such false representations on the Product.

**D.     PLAINTIFF'S EXPERIENCE**

---

[3] https://www.naturewise.com/products/curcumin-subscription (last visited June 26, 2020).

34. On September 6, 2019, Ms. Valentine purchased NatureWise curcumin dietary supplement from her home in San Francisco, CA on Amazon.com. Plaintiff made the purchase after reading and relying on the truthfulness of the Product's label that represented "2250 mg Per Day" of curcumin and "180 VEGETARIAN CAPSULES." Ms. Valentine reasonably understood that the supplements were one-capsule servings and that each capsule contained 2250 mg. She was attracted to the Product because of its potency and value. Further, when given a choice, she prefers to buy supplements that do not require her to take multiple capsules to reach the full dosage. But on the Product she purchased, Defendant misrepresented the amount of curcumin in each capsule, which is 750 mg per capsule and not 2250 mg per capsule.

35. At the time of her purchase, Ms. Valentine did not know that the Product required her to take three capsules to reach the full dosage of 2250 mg of curcumin. As a result of Defendant's misrepresentations and omissions, Ms. Valentine paid a premium for the Product and only received 1/3 of the amount of supplement she believed she would receive.

36. Had Defendant not misrepresented (by omission and commission) the true capsule serving size of the Product, Plaintiff would not have purchased it or, at a very minimum, she would have paid less for the Product.

37. Plaintiff continues to desire to purchase curcumin supplements, including those marketed and sold by Defendant. Plaintiff regularly visits stores where Defendant's Product and other supplements are sold. Absent an injunction that prohibits Defendant from misrepresenting the dosage on its product labels, Plaintiff will be unable to rely on Defendant's representations regarding the serving size and amount of curcumin in the Product, limiting her ability to rely on the representations made in the marketplace. Further, Defendant makes numerous supplements with different product titles. Absent an injunction, Plaintiff is at risk for buying another one of Defendant's products in reliance on the same or a similar misrepresentation.

38. Plaintiff and members of the Class have been economically damaged by their purchase of the Product because the advertising for the Product was and is untrue and/or misleading under California law and the products are misbranded; therefore, the Product is worth less than what Plaintiffs and members of the Class paid for it and/or Plaintiffs and members of the

Class did not receive what they reasonably intended to receive.

## CLASS ALLEGATIONS

39.    Plaintiff brings this class action lawsuit on behalf of herself and proposed classes of similarly situated persons, pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure. Plaintiff seeks to represent the following groups of similarly situated persons, defined as follows:

> All persons who purchased the Product between June 25, 2016 and the present (the "Class").

> All class members who reside in California (the "California Subclass").

40.    This action has been brought and may properly be maintained as a class action against Defendant because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

41.    Numerosity:  Plaintiffs do not know the exact size of the Class, but they estimate it is composed of more than 100 persons. The persons in the Class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

42.    Common Questions Predominate:  This action involves common questions of law and fact to the potential classes because each class member's claim derives from the deceptive, unlawful and/or unfair statements and omissions that the Product provides "2250 mg Per Day" of curcumin and "90" or "180 VEGETARIAN CAPSULES" which leads reasonable consumers to believe that each of the capsules contain 2250 mg of curcumin. The common questions of law and fact predominate over individual questions, as proof of a common or single set of facts will establish the right of each member of the Class to recover.  The questions of law and fact common to the Class are:

    a.    Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Product are deceptive and/or unlawful because of misrepresentations and omissions;

    b.    Whether Defendant's actions violate federal and California laws invoked herein;

c.  Whether deceitfully labeling the front of the Product as containing "2250mg Per Day" of curcumin and "90" or "180 VEGETARIAN CAPSULES" causes the Products to command a price premium in the market as compared with similar products that do not make such misrepresentations;

d.  Whether Defendant's advertising and marketing of the Products as containing "2250 mg Per Day" of curcumin and "90" or "180 VEGETARIAN CAPSULES" was likely to deceive reasonable consumers;

e.  Whether Defendant's amended label stating that the Product contains "2250 mg Per Serving" with the representation "90" or "180 VEGETARIAN CAPSULES" is still deceiving to reasonable consumers;

f.  Whether misrepresentations and omissions regarding the number of capsules per serving to achieve 2250 mg per day of curcumin is material to a reasonable consumer;

g.  Whether Defendant engaged in the behavior knowingly, recklessly, or negligently;

h.  The amount of profits and revenues earned by Defendant as a result of the conduct;

i.  Whether class members are entitled to restitution, injunctive and other equitable relief and, if so, what is the nature (and amount) of such relief; and

j.  Whether class members are entitled to payment of actual, incidental, consequential, exemplary and/or statutory damages plus interest thereon, and if so, what is the nature of such relief.

43.     Typicality:  Plaintiff's claims are typical of the claims of other members of the Class because, among other things, all such claims arise out of the same wrongful course of conduct in which the Defendant engaged in violation of law as described herein.  Further, the damages of each member of the Class were caused directly by Defendant's wrongful conduct in violation of the law as alleged herein.

44.     Adequacy of Representation:  Plaintiff will fairly and adequately protect the interests of all class members because it is in their best interests to prosecute the claims alleged

herein to obtain full compensation due to them for the unfair and illegal conduct of which they complain. Plaintiff also has no interests that are in conflict with, or antagonistic to, the interests of class members. Plaintiff has retained highly competent and experienced class action attorneys to represent her interests and that of the classes. By prevailing on her own claims, Plaintiff will establish Defendant's liability to all class members. Plaintiff and her counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for class members.

45.     Superiority:  There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the classes will tend to establish inconsistent standards of conduct for Defendant and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.

46.     Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## CAUSES OF ACTION

## PLAINTIFF'S FIRST CAUSE OF ACTION
**(Violation of the Consumers Legal Remedies Act (the "CLRA"), California Civil Code § 1750, *et seq.*
on behalf of Plaintiff and the California Subclass)**

47.     Plaintiff realleges and incorporates the paragraphs of this Class Action Complaint as if set forth herein.

48.     Defendant's actions, representations and conduct have violated, and continue to violate the CLRA, because they extend to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

49.     Plaintiff and other class members are "consumers" as that term is defined by the CLRA in California Civil Code § 1761(d).

50.     The Product that Plaintiff (and other similarly situated class members) purchased from Defendant were "goods" within the meaning of California Civil Code § 1761(a).

51.     Defendant's acts, practices and omissions regarding the dosage and serving size of the Product leads reasonable consumers to believe that the Product contains more curcumin supplement than they actually receive. In the case of Ms. Valentine, Defendants represented that their curcumin supplement provided "2250 mg Per Day" and "180 VEGETARIAN CAPSULES" while omitting the material fact that the Product only contained 1/3 the dosage advertised (750 mg/capsule). By engaging in the actions, representations and conduct set forth in this Class Action Complaint, Defendant has violated, and continue to violate, § 1770(a)(2), § 1770(a)(5), § 1770(a)(7), § 1770(a)(8), and § 1770(a)(9) of the CLRA. In violation of California Civil Code §1770(a)(2), Defendant's acts and practices constitute improper representations regarding the source, sponsorship, approval, or certification of the goods they sold. In violation of California Civil Code §1770(a)(5), Defendant's acts and practices constitute improper representations that the goods they sell have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities, which they do not have. In violation of California Civil Code §1770(a)(7), Defendant's acts and practices constitute improper representations that the goods it sells are of a particular standard, quality, or grade, when they are of another. In violation of California Civil Code §1770(a)(8), Defendant has disparaged the goods, services, or business of another by false or misleading representation of fact. In violation of California Civil Code §1770(a)(9), Defendant has advertised goods or services with intent not to sell them as advertised.

52.     Plaintiff requests that this Court enjoin Defendant from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to California Civil Code § 1780(a)(2). If Defendant is not restrained from engaging in these types of practices in the

1    future, Plaintiff and the other members of the Class will continue to suffer harm.

2          53.     Plaintiff provided Defendant with notice and demand that Defendant correct,

3    repair, replace or otherwise rectify the unlawful, unfair, false and/or deceptive practices

4    complained of herein. Despite receiving the aforementioned notice and demand, Defendant failed

5    to do so. Among other things, Defendant failed to identify similarly situated customers, notify

6    them of their right to correction, repair, replacement or other remedy, and/or to provide that

7    remedy. Accordingly, Plaintiff seeks, pursuant to California Civil Code § 1780(a)(3), on behalf of

8    herself and those similarly situated class members, compensatory damages, punitive damages and

9    restitution of any ill-gotten gains due to Defendant's acts and practices.

10         54.     Plaintiffs also requests that this Court award their costs and reasonable attorneys'

11   fees pursuant to California Civil Code § 1780(d).

12                           **PLAINTIFF'S SECOND CAUSE OF ACTION**
              **(False Advertising, Business and Professions Code § 17500, *et seq.* ("FAL")**
13                       **On Behalf of Plaintiff and the California Subclass)**

14         55.     Plaintiff realleges and incorporates by reference the paragraphs of this Class

15   Action Complaint as if set forth herein.

16         56.     Beginning at an exact date unknown to Plaintiff, but within three (3) years

17   preceding the filing of the Class Action Complaint, Defendant made untrue, false, deceptive

18   and/or misleading statements in connection with the advertising and marketing of the Product.

19         57.     Defendant made representations and statements (by omission and commission)

20   regarding the Product's dosage and serving size that lead reasonable customers to believe that the

21   Product contains more curcumin than they actually receive. In the case of Ms. Valentine,

22   Defendants represented that their curcumin supplement provided "2250 mg Per Day" and "180

23   VEGETARIAN CAPSULES" while omitting the material fact that the Product only contained 1/3

24   the dosage advertised (750 mg/capsule).

25         58.     Plaintiff and those similarly situated relied to their detriment on Defendant's false,

26   misleading and deceptive advertising and marketing practices, including each of the

27   misrepresentations and omissions set forth above.  Had Plaintiff and those similarly situated been

28   adequately informed and not intentionally deceived by Defendant, they would have acted

differently by, without limitation, refraining from purchasing the Products or paying less for it.

59. Defendant's acts and omissions are likely to deceive the general public.

60. Defendant engaged in these false, misleading and deceptive advertising and marketing practices to increase its profits. Accordingly, Defendant has engaged in false advertising, as defined and prohibited by section 17500, *et seq.* of the California Business and Professions Code.

61. The aforementioned practices, which Defendant used, and continues to use, to its significant financial gain, also constitutes unlawful competition and provides an unlawful advantage over Defendant's competitors as well as injury to the general public.

62. As a direct and proximate result of such actions, Plaintiff and the other class members have suffered, and continue to suffer, injury in fact and have lost money and/or property as a result of such false, deceptive and misleading advertising in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

63. Plaintiff seeks, on behalf of herself and those similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies acquired by Defendant from Plaintiff, the general public, or those similarly situated by means of the false, misleading and deceptive advertising and marketing practices complained of herein, plus interest thereon.

64. Plaintiff seeks, on behalf of herself and those similarly situated, a declaration that the above-described practices constitute false, misleading and deceptive advertising.

65. Plaintiff seeks, on behalf of herself and those similarly situated, an injunction to prohibit Defendant from continuing to engage in the false, misleading and deceptive advertising and marketing practices complained of herein. Such misconduct by Defendant, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that Defendant will continue to violate the laws of California, unless specifically ordered to comply with the same. This expectation of future violations will require current and future consumers to repeatedly and continuously seek legal redress in order to recover monies paid to Defendant to which it is not entitled. Plaintiff, those similarly situated and/or other consumers nationwide have no other adequate remedy at law to

1   ensure future compliance with the California Business and Professions Code alleged to have been

2   violated herein.

3   **PLAINTIFF'S THIRD CAUSE OF ACTION**
    **(Common Law Fraud, Deceit and/or Misrepresentation**
4   **On Behalf of Plaintiff and the Class)**

5   66.   Plaintiff realleges and incorporates by reference the paragraphs of this Class

6   Action Complaint as if set forth herein.

7   67.   Defendant has fraudulently and deceptively led reasonable consumers to believe

8   that the Product contain more curcumin than it actually contains. In the case of Ms. Valentine,

9   Defendants represented that their Curcumin supplement provided "2250 mg Per Day" and "180

10  VEGETARIAN CAPSULES" while omitting the material fact that the product only contained 1/3

11  the dosage advertised (750 mg/capsule).

12  68.   These misrepresentations and omissions were known exclusively to, and actively

13  concealed by, Defendant, not reasonably known to Plaintiff, and material at the time they were

14  made. Defendant knew the actual capsule serving size of the Product, but failed to make it

15  obvious on the front of its label to consumers. Defendant's misrepresentations and omissions

16  concerned material facts that were essential to the analysis undertaken by Plaintiff as to whether

17  to purchase Defendant's Product.  In misleading Plaintiff and not so informing Plaintiff,

18  Defendant breached its duty to her. Defendant also gained financially from, and as a result of, its

19  breach.

20  69.   Plaintiff and those similarly situated relied to their detriment on Defendant's

21  misrepresentations and fraudulent omissions.  Had Plaintiff and those similarly situated been

22  adequately informed and not intentionally deceived by Defendant, they would have acted

23  differently by, without limitation: (i) declining to purchase the Product, (ii) purchasing less of it,

24  or (iii) paying less for the Product.

25  70.   By and through such fraud, deceit, misrepresentations and/or omissions, Defendant

26  intended to induce Plaintiff and those similarly situated to alter their position to their detriment.

27  Specifically, Defendant fraudulently and deceptively induced Plaintiff and those similarly situated

28  to, without limitation, purchase the Product.

71.     Plaintiff and those similarly situated justifiably and reasonably relied on Defendant's misrepresentations and omissions, and, accordingly, were damaged by Defendant.

72.     As a direct and proximate result of Defendant's misrepresentations and/or omissions, Plaintiff and those similarly situated have suffered damages, including, without limitation, the amount they paid for the Products.

73.     Defendant's conduct as described herein was wilful and malicious and was designed to maximize Defendant's profits even though Defendant knew that it would cause loss and harm to Plaintiff and those similarly situated.

## PLAINTIFF'S FOURTH CAUSE OF ACTION
**(Unlawful, unfair, and fraudulent trade practices violation of Business and Professions Code § 17200, *et seq.***
**On Behalf of Plaintiff and the California Subclass)**

74.     Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

75.     Within four (4) years preceding the filing of this lawsuit, and at all times mentioned herein, Defendant has engaged, and continues to engage, in unlawful, unfair, and fraudulent trade practices in California by engaging in the unlawful, unfair, and fraudulent business practices outlined in this complaint.

76.     In particular, Defendant has engaged, and continues to engage, in unlawful practices by, without limitation, violating the following state and federal laws: (i) the CLRA as described herein; (ii) the FAL as described herein; (iii) the advertising provisions of the Sherman Law (Article 3), including without limitation, California Health & Safety Code §§ 110390, 110395, 110398 and 110400; (iv) the misbranded food provisions of the Sherman Law (Article 6), including without limitation, California Health & Safety Code §§ 110660, 110665, 110705, 110760, 110765, and 110770; and (v) and federal laws regulating the advertising and branding of food in 21 U.S.C. § 343(a), *et seq.* and FDA regulations, which are incorporated into the Sherman Law (California Health & Safety Code §§ 110100(a), 110380, and 110505).

77.     In particular, Defendant has engaged, and continues to engage, in unfair and fraudulent practices by, without limitation, making fraudulent and deceptive representations

regarding the dosage and curcumin content of the Products, which leads reasonable consumers to believe that the Products contain more curcumin than they actually receive. In the case of Ms. Valentine, Defendants represented that their Curcumin supplement provided "2250 mg Per Day" and "180 VEGETARIAN CAPSULES" while omitting the material fact that the product only contained 1/3 the dosage advertised (750 mg/capsule).

78.     Plaintiff and those similarly situated relied to their detriment on Defendant's unlawful, unfair, and fraudulent business practices. Had Plaintiff and those similarly situated been adequately informed and not deceived by Defendant, they would have acted differently by, without limitation: (i) declining to purchase the Product, (ii) purchasing less of the Product, or (iii) paying less for the Product.

79.     Defendant's acts and omissions are likely to deceive the general public.

80.     Defendant engaged in these deceptive and unlawful practices to increase their profits.  Accordingly, Defendant has engaged in unlawful trade practices, as defined and prohibited by section 17200, *et seq.* of the California Business and Professions Code.

81.     The aforementioned practices, which Defendant has used to its significant financial gain, also constitute unlawful competition and provide an unlawful advantage over Defendant's competitors as well as injury to the general public.

82.     As a direct and proximate result of such actions, Plaintiff and the other class members, have suffered and continue to suffer injury in fact and have lost money and/or property as a result of such deceptive and/or unlawful trade practices and unfair competition in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court. Among other things, Plaintiff and the class members lost the amount they paid for the Product.

83.     As a direct and proximate result of such actions, Defendant has enjoyed, and continues to enjoy, significant financial gain in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

84.     Plaintiff seeks, on behalf of herself and those similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies acquired by Defendant from Plaintiff, the general public, or those similarly situated by means of the deceptive and/or

1    unlawful trade practices complained of herein, plus interest thereon.

2        85.    Plaintiff seeks, on behalf of those similarly situated, a declaration that the above-

3    described trade practices are fraudulent, unfair, and/or unlawful.

4        86.    Plaintiff seeks, on behalf of those similarly situated, an injunction to prohibit

5    Defendant from continuing to engage in the deceptive and/or unlawful trade practices complained

6    of herein.  Such misconduct by Defendant, unless and until enjoined and restrained by order of

7    this Court, will continue to cause injury in fact to the general public and the loss of money and

8    property in that Defendant will continue to violate the laws of California, unless specifically

9    ordered to comply with the same. This expectation of future violations will require current and

10   future consumers to repeatedly and continuously seek legal redress in order to recover monies

11   paid to Defendant to which they were not entitled.  Plaintiff, those similarly situated and/or other

12   consumers nationwide have no other adequate remedy at law to ensure future compliance with the

13   California Business and Professions Code alleged to have been violated herein.

**PLAINTIFF'S FOURTH CAUSE OF ACTION**
**(Unjust Enrichment**
**On Behalf of Plaintiff and the Class)**

16       87.    Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

17       88.    Plaintiff and members of the Class members conferred a benefit on the Defendant

18   by purchasing the Products.

19       89.    Defendant has been unjustly enriched in retaining the revenues from Plaintiff and

20   Class Member's purchases of the Products, which retention is unjust and inequitable, because

21   Defendant made material misrepresentations and omissions regarding the serving size and

22   curcumin content of the Products that led reasonable consumers to believe that the Products

23   contain more curcumin supplement than they actually receive. In the case of Ms. Valentine,

24   Defendants represented that their curcumin supplement provided "2250 mg Per Day" and "180

25   VEGETARIAN CAPSULES" while omitting the material fact that the product only contained 1/3

26   the dosage advertised (750 mg/capsule).

27       90.    Because Defendant's retention of the non-gratuitous benefit conferred on it by

28   Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff

and the Class members for its unjust enrichment, as ordered by the Court.

91.     Plaintiff, therefore, seeks an order requiring Defendant to make restitution to her and other members of the Class

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and those similarly situated, respectfully requests that the Court enter judgment against Defendant as follows:

A.  Certification of the proposed Class, including appointment of Plaintiff's counsel as class counsel;

B.  An order temporarily and permanently enjoining Defendant from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

C.  An award of compensatory damages in an amount to be determined at trial;

D.  An award of statutory damages in an amount to be determined at trial;

E.  An award of punitive damages in an amount to be determined at trial;

F.  An award of treble damages;

G.  An award of restitution in an amount to be determined at trial;

H.  An order requiring Defendant to pay both pre- and post-judgment interest on any amounts awarded;

I.  For reasonable attorney's fees and the costs of suit incurred;

J.  For such further relief as this Court may deem just and proper;

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: June 29, 2020                    **GUTRIDE SAFIER LLP**

                                        /s/ Seth A. Safier /s/
                                        Seth A. Safier, Esq.
                                        Marie McCrary, Esq.
                                        100 Pine Street, Suite 1250
                                        San Francisco, CA 94111

Exhibit A

1

**EXHIBIT A**

2          I, Martha Valentine, declare:

3          1.      I am the Plaintiff in this action. If called upon to testify, I could and would

4   competently testify to the matters contained herein based upon my personal knowledge.

5          2.      I submit this Declaration pursuant to California Code of Civil Procedure section

6   2215.5 and California Civil Code section 1780(d).

7          3.      As set forth in my complaint, on September 6, 2019, I purchased Naturewise

8   curcumin supplements from my home in San Francisco, CA, on Amazon.com.

9          4.      I later learned that the Naturewise supplements I purchased did not contain the

10  amount of curcumin that was represented.

11         I declare under penalty of perjury under the laws of California that the foregoing is true

12  and correct.

13         Executed this 26th day of June 2020, in San Francisco, California.

14      6/26/2020

15

16                                                   1A1D1355DF3A4E2...

17                                              Martha Valentine

18

19

20

21

22

23

24

25

26

27

28

-1-

_DECLARATION RE CAL. CIV. CODE SECTION 1780(D) JURISDICTION_